UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **DORIS ELIZABETH BLOOMFIELD,** <br><br> Plaintiff, <br><br> v. <br><br> **NANCY A. BERRYHILL,** <br> **Acting Commissioner of Social Security,** <br><br> Defendant. | Case No. 16-2135 |

REPORT AND RECOMMENDATION

Plaintiff Doris Elizabeth Bloomfield seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of her application for disability insurance benefits. The parties filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#11)** be **DENIED**, Defendant's Motion for Summary Judgment **(#13)** be **GRANTED**, and the decision to deny benefits be affirmed.

**I.   Background**

On April 10, 2013, Plaintiff filed an application for disability insurance benefits, alleging disability beginning May 1, 2012. The Social Security Administration denied Plaintiff's claims initially and on reconsideration. Plaintiff appeared and testified at a video hearing before an Administrative Law Judge (ALJ). During the hearing, the ALJ heard testimony from an impartial vocational expert (VE).

On February 10, 2015, the ALJ issued an unfavorable decision. (R. 19-29.) The ALJ found that Plaintiff has the severe impairments of diabetes mellitus, hypertension, polyarthralgia, and obesity (20 CFR 404.1520(c)). (R. 21.) The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart A,

Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). (R. 23.) Additionally, the ALJ found that Plaintiff has the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except that she can never climb ladders, ropes, or scaffolds, can occasionally reach overhead bilaterally; can have no concentrated exposure to vibration or hazards, defined as dangerous moving machinery such as a forklift.

(R. 24.) The ALJ found that Plaintiff is able to perform her past relevant work as a cashier, a production sewer, and a retail sales clerk. (R. 28.) The Appeals Council denied Plaintiff's request for review, making the ALJ's ruling the Commissioner's final decision.

## II. Standard of Review

In reviewing the ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

## III. Analysis

### a. Opinion Evidence

First, Plaintiff argues that the ALJ erred in evaluating the medical opinion evidence. Dr. Hinchen, the first state agency physician, limited Plaintiff to occasional bilateral overhead reaching. (R. 79.) The ALJ gave his opinion great weight. Dr. Madison, the second state agency physician, and Dr. Siu, Plaintiff's treating physician, both limited Plaintiff to occasional bilateral reaching in all directions, not merely overhead. (R. 92, 263.) The ALJ gave no weight to these two opinions. Accordingly, the ALJ's RFC limited Plaintiff to occasional reaching overhead bilaterally.

The ALJ must give controlling weight to a treating source's opinion if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." *Punzio v. Astrue*, 630 F. 3d 704, 710 (7th Cir. 2011) (citing §

404.1527(c)). An ALJ need not give a treating physician's opinion controlling weight if it is inconsistent with the consulting physician's opinion or if it is internally inconsistent. *Skarbek v. Barnhart*, 390 F. 3d 500, 503 (7th Cir. 2004). The ALJ considers the length of the physician's treatment when determining the weight given. § 404.1527(c)(2)(i).

The ALJ found "no support for Dr. Siu's extreme findings in the claimant's treatment records" and that "Dr. Siu did not adequately explain the reasoning for such severe limitations." (R. 27.) To explain this finding, the ALJ compared Dr. Siu's opinion to his consultative examination findings and found them to be inconsistent. (R. 27.) In particular, the ALJ noted that Dr. Siu's examination findings included no hand limitations. Other than showing a history of arm fracture, the Court finds no record of Dr. Siu treating her for hand limitations. The ALJ also considered that Dr. Siu had only seen Plaintiff twice. (R. 28.) Therefore, the Court finds that the ALJ supported her evaluation of Dr. Siu with substantial evidence.

The ALJ considers the factors set forth in 20 CFR § 404-1527(c)(2) when evaluating a non-treating physician's opinion. The ALJ must "minimally articulate" his reasons for the weight assigned to a medical opinion. *Elder v. Astrue*, 529 F. 3d 408, 415 (7th Cir. 2008). The ALJ is responsible for resolving conflicts in the medical evidence. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). The ALJ considers the conflicting evidence in light of all the other evidence before him. *Id*. In resolving conflicting medical opinions, it is reasonable for the ALJ to give "more weight to some evidence and less to others." *Id.*

As discussed above, the record includes two non-treating physician opinions, both state agency physicians. The ALJ credited Dr. Hinchen's opinion and limited Plaintiff to occasional reaching overhead bilaterally. Plaintiff argues, however, that the ALJ should have given more weight to Dr. Madison's opinion.

The Court finds that the ALJ "minimally articulated" two reasons for giving Dr. Hinchen's opinion weight over Dr. Madison's. The ALJ noted that Dr. Madison's opinion did not include any explanation for his conclusion and that there was no documented worsening of Plaintiff's condition since Dr. Hinchen's evaluation. (R. 27.) On the other hand, the ALJ found that the medical record, including examinations, subjective complaints, and lack of treatment by a specialist, supported Dr. Hinchen's opinion. (R. 27.) The Court finds that the ALJ reasonably resolved the conflicting medical evidence.

Second, Plaintiff argues that the ALJ failed to include limitations on handling in Plaintiff's RFC. Plaintiff notes that Dr. Sorokin found that Plaintiff has some "mild difficulty" with handling. (R. 258).The ALJ recognized that Dr. Sorokin found Plaintiff exhibited mild difficulty with activities including opening a doorknob, squeezing a blood pressure cuff bulb, and picking up and holding a cup. But the ALJ also noted that Dr. Sorokin found no difficulty with picking up coins, picking up a pen, buttoning and unbuttoning, zipping and unzipping, tying shoelaces, and turning pages. (R. 25, 258.) The ALJ reasonably concluded that Dr. Sorokin did not offer an opinion on Plaintiff's ability to perform work-related activities. (R. 25.) Plaintiff has not cited any evidence in the record showing difficulty with work related handling. The Court finds that the ALJ adequately assessed Dr. Sorokin's opinion, and the RFC does not conflict with Dr. Sorokin's findings.

### b. Vocational Expert Testimony

Plaintiff argues that the ALJ erroneously relied on the VE's testimony as it conflicts with the contents of the Dictionary of Occupational Titles ("DOT"). The ALJ's RFC finding limits Plaintiff to only occasional overhead bilateral reaching. Plaintiff argues that the positions recommended by the VE require more than occasional overhead bilateral reaching, and that the ALJ therefore erred in relying on the VE's testimony.

At the hearing, the ALJ asked the VE if an individual limited to occasional overhead reaching, among other limitations, could perform Plaintiff's past relevant work as a production sewer, cashier, and retail customer service clerk. (R. 63-64.) The VE testified that Plaintiff would be able to perform all of the past relevant work: the cashier as defined, not performed, the production sewer both as defined and as performed, and the retail customer service clerk both as defined and as performed. (R. 64.)

Plaintiff argues that she is unable to perform the jobs of cashier, production sewer, and retail sales clerk because their DOT descriptions include constant or frequent reaching. But, the Regulations instruct the VE to consider not only the DOT descriptions, but also the positions as Plaintiff actually performed the work. 20 C.F.R. 404.1560(b)(2). The ALJ specifically instructed the VE to consider limitations in overhead bilateral reaching. The VE testified that Plaintiff could perform the positions of production sewer and retail customer service clerk, not as defined in the DOT, but as she actually performed them. The ALJ did error, however, in finding Plaintiff could perform as a cashier as defined by the DOT, as that position includes frequent reaching in all directions. However, this error was harmless as the ALJ reasonably relied on the VE's testimony

relating to Plaintiff's past performance as a retail sales clerk and production sewer. In response to the ALJ's questions, the VE testified that these jobs were still available to Plaintiff.

The Court finds that the ALJ reasonably relied on the VE's testimony for availability of past relevant work. The ALJ's decision is therefore not subject to reversal on this point.

**IV.     Conclusion**

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#11)** be **DENIED**, Defendant's Motion for Summary Judgment **(#13)** be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 7th day of September, 2017.

s/ ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE